[No. 7410. Decided July 11, 1908.]

S. WADE HAMPTON, *Respondent*, v. JAMES BUCHANAN *et al.*, *Appellants*.[1]

APPEAL AND ERROR—RIGHT TO APPEAL—GIVING OF STAY BOND— EFFECT. The giving of a bond to stay execution of a judgment, does not operate to prevent an appeal from the judgment, since the statute, Bal. Code, §§ 5205, 5206, does not so provide and the stay bond only creates an obligation to pay the judgment at the end of the period fixed for the stay, which assumes a valid judgment existing at that time.

Motion to dismiss an appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 7, 1908. Denied.

*Frank D. Oakley* and *Charles Bedford*, for appellants, cited: 2 Cyc. 657, note 16; *Churchill v. Alpena Circuit Judge*, 56 Mich. 536, 23 N. W. 211; *Ranck v. Becker*, 12 Serg. & Rawle 412; *Nealy v. Sexton*, Wright (Ohio) 314; *Russell v. Giles*, 31 Ohio St. 293; *Pratt v. Page*, 18 Wis. 355; · *Dyett v. Pendleton*, 8 Cowen 325; *Knapp v. Brown*, 45 N. Y.

[1]Reported in 96 Pac. 518.

207; *Hyer v. Norton,* 26 Ind. 269; *Kellar v. Williams,* 10 Bush. (Ky.) 216. Even the payment of a judgment (involuntarily by the almost unanimous weight of authority, and voluntarily by the great weight of authority) is not a waiver of errors, and does not prevent the defendant from appealing unless such payment was by way of compromise or with an agreement not to take or pursue an appeal. 2 Cyc. 647, b. 1-11, and notes thereunder; *Hayes v. Nourse,* 107 N. Y. 577, 14 N. E. 508, 1 Am. St. 891; *MacEvitt v. Maass,* 64 App. Div. 382, 72 N. Y. Supp. 158; *Lumaghi v. Abt* (Mo.), 103 S. W. 104; *Warner Bros. Co. v. Freud,* 131 Cal. 639, 63 Pac. 1017, 82 Am. St. 400; Elliott, Appellate Procedure, § 152; the monographic note in 45 Am. St. Reports, commencing on page 271 (*State v. Conkling,* 54 Kan. 108, 37 Pac. 992); *Dodds v. Gregson,* 35 Wash. 402, 77 Pac. 791.

*Blattner & Chester,* for respondent, cited: *Jones v. Bomberger,* 97 Pa. St. 432; *Seacrest v. Newman,* 19 Iowa 323; *People ex rel. Reynolds v. Judges of Macomb Circuit Court,* 1 Mich. 134.

FULLERTON, J.—On February 7, 1908, the superior court of Pierce county rendered judgment in favor of the respondent and against the appellants in the sum of $5,487.08 principal, and $22.80 costs, which judgment was declared to be a lien upon certain described property belonging to the appellants. On February 20, 1908, an execution was issued on the judgment and placed in the hands of the sheriff for service, who proceeded to levy upon the property on which the judgment was declared to be a lien. Thereupon the appellants, as principals, with J. C. Buchanan and C. O. Boose, as sureties, executed and lodged with the clerk of the court where the judgment was rendered a stay bond, conditioned as provided in § 5205 of Bal. Code (P. C. § 825). On the 23d day of the same month, a notice of appeal was served and a bond

given by which the cause was brought into this court. The respondent moved to dismiss the appeal, basing his motion on the ground that the appellants have, by giving the stay bond, assumed an unconditional obligation to pay the judgment which they must perform in any event at the expiration of the period of stay, regardless of any disposition of the cause this court may make upon the appeal, and that, by reason thereof, the appeal does not present a live question.

Whether a judgment debtor assumes an unconditional obligation to satisfy a judgment rendered against him by giving a statutory bond for a stay of execution depends upon the effect that is to be given to the sections of the statute providing for the stay, as there is no direct provision denying to the judgment debtor the right to prosecute the remedy of appeal after giving the stay bond. The sections bearing upon the question are the following:

"Before any execution shall be stayed under the provisions of this chapter, the defendant shall give bond to the opposite party in double the amount of the judgment and costs, with surety, to the satisfaction of the clerk, conditioned to pay said judgment, interest, costs, and increased costs at the expiration of the period of said stay.

"If the judgment is not satisfied at any time after the expiration of the period for which execution has been stayed, the plaintiff may, upon motion supported by an affidavit that such judgment, or any part thereof, is unpaid, and stating how much still remains due thereon, have judgment against the sureties upon said bond for the balance remaining due, and have an execution therefor, upon which no stay shall be allowed." Bal. Code, §§ 5205, 5206 (P. C. §§ 825, 826).

A literal construction of these provisions of the statute would undoubtedly lend color to the respondent's contention, but we think they must be construed in connection with the statutes relating to appeals; that the obligation assumed to pay the judgment at the end of the period of stay is to be given force only in the case that the judgment is then a valid subsisting judgment, ripe for execution, and not then super-

seded by action taken under other provisions of the statute conferring rights and privileges upon judgment debtors. The statute relating to stays, as well as the statute relating to appeals, are for the benefit of the judgment debtor, and the exercise of rights conferred upon him by the one ought not to preclude the exercise of rights conferred upon him by the other.

The cases on the question are not uniform even under similar statutes, but the prevailing rule is, we think, that the giving of the stay bond does not operate as a denial of the right of appeal. 2 Cyc. 657, n. 16. The motion is denied.

HADLEY, C. J., RUDKIN, MOUNT, ROOT, and CROW, JJ., concur.